In the Matter of J.A.C.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-324-CV

IN THE MATTER OF J.A.C. 

------------

FROM THE 323
RD
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In January 2003, the trial court adjudicated Appellant J.A.C. delinquent for engaging in indecency by contact with a child under seventeen years of age and sentenced him to five years’ confinement, probated, in the Texas Youth Commission (TYC), subject to a possible transfer to the Institutional Division of the Texas Department of Criminal Justice (IDTDCJ).  In July of that same year, the trial court revoked Appellant’s probation and committed him to the custody of TYC.  In September 2004, pursuant to TYC’s request, the trial court conducted a transfer hearing and transferred Appellant from TYC to IDTDCJ.  Appellant appeals from the transfer order.

In one point, Appellant contends that the trial court’s admission of five exhibits containing TYC records and a summary report thereof violated his rights under the Confrontation Clause.  Despite Appellant’s objection at trial and comment in his brief on appeal that the witness through whom the State’s exhibits were introduced had no personal knowledge, Appellant did not object at trial to the witness’s testimony providing information from the exhibits until Appellant’s own lawyer had completed her cross-examination of the witness. This objection was untimely.
(footnote: 2)  Although Appellant does not explain on appeal which specific items of evidence in the exhibits were both testimonial and harmful, our review of the testimony that was admitted before the untimely objection shows that while at TYC, Appellant

engaged in chronic disruption,

was placed on a Behavioral Management Program,

was placed on a dorm program to assist him in remediating his behavior, which proved unsuccessful,

maintained the lowest phase—Phase Zero—in behavior for the majority of his time at TYC, and the highest phase he ever reached was Phase One, with Phase Four representing the highest and best possible behavior,

had approximately 270 documented incidents of misconduct or referrals,

was placed in security 107 times, and

was warned on several occasions that he could be transferred to IDTDCJ if he continued to engage in noncompliant behavior.

The testimony also indicated that TYC officials recommended that Appellant be transferred to IDTDCJ for the remainder of his sentence.  This evidence  supports the trial court’s determination to transfer Appellant to IDTDCJ.
(footnote: 3) To preserve error in the admission of evidence, a party must make a proper objection and get a ruling on that objection and must then object each time the inadmissible evidence is offered or obtain a running objection.
(footnote: 4)  Error, if any, in the admission of evidence is cured when the same evidence comes in elsewhere without objection.
(footnote: 5)  Because Appellant did not timely object to the testimony, he has failed to preserve error, if any, in the admission of the exhibits.  Consequently, we overrule Appellant’s sole point and affirm the trial court’s order.

PER CURIAM

PANEL F: DAUPHINOT, J.; CAYCE, C.J.; and LIVINGSTON, J.

DELIVERED:  October 27, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
See
 Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
,
 
526 U.S. 1070 (1999).

3:
See
 
Tex. Fam. Code Ann.
 § 54.11(k) (Vernon Supp. 2004-05).

4:
Valle v. State
, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003); 
see also 
Tex. R. App. P.
 33.1(a)(1).

5:
Valle
, 109 S.W.3d at 509.